# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 02-553V
January 16, 2014
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
LINDSEY CUNNINGHAM, a Minor, by Her      *
Parents and Natural Guardians, BOB        *
CUNNINGHAM and LISA KAPLAN,               *
                                          *
               Petitioners,               *
                                          *
     v.                                   *   DTP, HiB, IPV, Rotashield; two
                                          *   weeks later, infantile spasms;
                                          *   no neurologist to support case;
SECRETARY OF HEALTH                       *   petitioners move to dismiss
AND HUMAN SERVICES,                       *
                                          *
               Respondent.                *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Clifford J. Shoemaker, Vienna, VA, for petitioners.
Michael P. Milmoe, Washington, DC, for respondent.

**MILLMAN, Special Master**

**DECISION[1]**

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

Petitioners filed a petition on May 28, 2002, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that DTP, HiB, IPV, and Rotashield vaccines administered to their daughter Lindsey at the age of four months on June 9, 1999, resulted in infantile spasms two weeks later on June 23, 1999.  See Pet. ¶¶ 7–9.

On January 16, 2014, petitioners filed a motion to dismiss, stating: "The Petitioners have been unable to find a neurologist to support their case, and they no longer want to pursue this claim in the Vaccine Injury Compensation Program."  Pet'rs' Mot., at 1.

The undersigned grants petitioners' motion and dismisses their case.

## DISCUSSION

To satisfy their burden of proving causation in fact, petitioners must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

The Vaccine Act does not permit the undersigned to rule for petitioners based on their claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1) (2012).

Petitioners have not filed an expert neurologist report supporting their allegation that Lindsey's vaccinations can cause infantile spasms two weeks later, that the vaccines did cause her infantile spasms, and that two weeks is an appropriate interval of time to connote causation.  In other words, petitioners have failed to make a prima facie case under Althen.

Petitioners state in their motion to dismiss that they have been unable to find a neurologist to support their case, and they no longer want to pursue their claim in the Vaccine

2

Program.  The undersigned **GRANTS** their motion to dismiss.  This petition is hereby **DISMISSED.**

## CONCLUSION

This case is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 16, 2014                                            s/Laura D. Millman
                                                                                      Laura D. Millman
                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.