# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 02-553V
Filed: October 10, 2014
Not for Publication

*************************************
LINDSEY CUNNINGHAM, a Minor,     \*
by her Parents and Natural Guardians,  \*
BOB CUNNINGHAM and LISA          \*
KAPLAN,                                   \*
                                         \*
          Petitioners,             \*      Attorneys' fees and costs decision based on
                                         \*      stipulation of fact
 v.                                      \*
                                         \*
SECRETARY OF HEALTH             \*
AND HUMAN SERVICES,            \*
                                         \*
          Respondent.             \*
                                         \*
*************************************

<u>Clifford J. Shoemaker</u>, Vienna, VA, for petitioners.
<u>Michael P. Milmoe</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**


## **DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

On October 10, 2014, the parties filed a stipulation of fact in which they agreed on an appropriate amount for attorneys' fees and costs in this case.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Petitioners filed an application for attorneys' fees and costs on July 18, 2014.  During informal discussions, respondent raised objections to certain items in petitioners' application. Based on these objections, petitioners amend their application for attorneys' fees and costs to $37,561.16, consisting of $37,000.00 in attorneys' fees and costs and $561.16 in petitioners' costs. Respondent does not object to this amount.  The undersigned finds this amount to be reasonable. Accordingly, the court awards:

a. **$37,000.00**, representing reimbursement for attorneys' fees and costs.  The award shall be in the form of a check payable jointly to petitioners and Shoemaker, Gentry, and Knickelbein in the amount of **$37,000.00**; and

b. **$561.16**, representing reimbursement for petitioners' costs.  The award shall be in the form of a check payable to petitioners in the amount of **$561.16**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: October 10, 2014                                                                       s/ Laura D. Millman
                                                                                                              Laura D. Millman
                                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.